## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**DONAT RICKETTS,**

               **Plaintiff,**        :    **Case No. 2:23-cv-1711**

**v.**                                 **Judge Sarah D. Morrison**
                                         **Magistrate Judge Kimberly A.**
                                       **Jolson**

**ADRIAN DEONTE LEWIS[1], *et al.*,**

                                 :

               **Defendants.**

## OPINION AND ORDER

The remaining two named defendants in this case have filed Motions to Dismiss the Amended Complaint and those motions are fully briefed. This Opinion and Order resolves all pending motions.

## I.    BACKGROUND

The following is taken from the Amended Complaint.[2] (ECF No. 8.)

Mr. Ricketts is an entertainer and YouTube content creator. Defendants Lewis and Braggs also have online platforms. In January of this year, Mr. Ricketts

---

[1] The Complaint identified the first named defendant as Adrian Deonte Smith, but the Amended Complaint and the filings of this defendant say that the last name is Lewis. The Clerk is **DIRECTED** to correct the caption to accurately reflect the last name of Mr. Lewis.

[2] Mr. Ricketts also requested that the Court take judicial notice of Exhibit 7 in support of his opposition to the motions to dismiss. (ECF No. 23-3.) Mr. Ricketts's request is **DENIED** because Exhibit 7 is not relevant to the Court's analysis of the pending motions.

Mr. Lewis moved to strike Ricketts's request (ECF No. 26) and that motion is **DENIED** as moot.

contacted Messers. Lewis and Braggs regarding cross-promotion and possible collaborations; they both expressed an interest in working with Mr. Ricketts.

After speaking with Mr. Ricketts, Mr. Lewis sent him a message expressing reservations about collaborating with him because of rumors about Ricketts. Mr. Ricketts immediately responded by demanding that Lewis disclose what he had heard, but Lewis refused to provide that information.

As to Mr. Braggs, Mr. Ricketts alleges that Braggs interviewed a man that claimed to be a victim of sexual assault. When Ricketts questioned the alleged victim's story, Mr. Braggs's YouTube audience began slandering Ricketts. Then, in late February 2023, Mr. Braggs invited Mr. Ricketts to an Instagram live where a known harasser began to harass Ricketts; Mr. Braggs did nothing to end the harassment, forcing Ricketts to leave Instagram and block people on all social media platforms.

Mr. Ricketts also accuses Messers. Lewis and Braggs, along with a third person[3], of defrauding YouTube subscribers and trafficking a mentally ill woman. He claims that Defendants defamed him, including falsely claiming that he has HIV/AIDS.

Additionally, Mr. Ricketts alleges that Mr. Braggs filed false copyright claims against him. According to the Amended Complaint, among other things, Mr. Braggs filed a federal lawsuit against Ricketts, which Ricketts expects to be dismissed.

---

[3] The third person was Jacqueline Suzette Wright Johnson. Mr. Ricketts voluntarily dismissed Ms. Johnson from this lawsuit. (ECF Nos. 17, 19.)

The Complaint seeks damages in excess of $75,000 and purports to bring the following claims:

> Claim I: 17 U.S.C. §512(f) misrepresentation of materials online;
> Claim II: 18 U.S.C. §1621 perjury;
> Claim III: 42 U.S.C. § 1985 conspiracy to interfere with civil rights;
> Claim IV: libel, slander and defamation;
> Claim V: tortious interference with prospective economic advantages;
> Claim VI: intention infliction of emotional distress; and
> Claim VII: menacing by stalking.

Only claims III through VII are against Mr. Lewis, all of the claims are against Mr. Braggs. Mr. Ricketts also names ten John Doe Defendants, though it is unclear which claims are against the John Does.

Braggs and Lewis have now moved to dismiss the Amended Complaint. Mr. Braggs seeks dismissal on the grounds of lack of personal jurisdiction, improper venue, insufficient service, and failure to state a claim. (ECF No. 16.) Mr. Lewis moves for dismissal due to lack of subject matter jurisdiction, insufficient service of process, and failure to state a claim. (ECF No. 22.)

## II. ANALYSIS

### A. Insufficient Service of Process

A plaintiff is responsible for serving the summons and complaint within the applicable time period. Fed. R. Civ. P. 4(c)(1). Without such service, a district court is without jurisdiction to render judgment against a defendant. *See Friedman v. Estate of Presser,* 929 F.2d 1151, 1156 (6th Cir.1991). The time limit for service of process is 90 days after the filing of the complaint. Fed. R. Civ. P. 4(m). "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules

of Civil Procedure compel dismissal." *Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir.1996) (citing *Habib v. Gen. Motors Corp.,* 15 F.3d 72, 73 (6th Cir.1994)).

The docket does not reflect actual service on Mr. Braggs. In response to Mr. Braggs's assertion that there was insufficient service of process on him, Mr. Ricketts does not provide evidence of service on Braggs, nor does he argue that there is good cause to justify his failure to effect timely service. He only argues that "[t]he Defendants have effectively acknowledged the existence of this lawsuit" so they should waive service of summons. (ECF No. 18.) Service upon Mr. Braggs is insufficient, so the Court **GRANTS** his Motion to Dismiss.

As to Mr. Lewis, although the first page of his Motion references "insufficient service of process," he makes no effort to develop any argument in support of this assertion. In fact, the docket reflects an executed return of summons for Mr. Lewis. (ECF No. 20.) Thus, to the extent that Mr. Lewis seeks dismissal on the grounds of insufficient service of process, his Motion is **DENIED**.

### B.    Subject Matter Jurisdiction

Mr. Lewis next moves for dismissal for lack of subject matter jurisdiction. As courts of limited jurisdiction, federal courts may exercise only those powers authorized by the Constitution and statute. *Hale v. Morgan Stanley Smith Barney LLC*, 982 F.3d 996, 997 (6th Cir. 2020) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Thus, "[b]efore a federal court takes up a case's merits, it must assure itself of its jurisdiction over the case's subject matter." *Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020).

Without subject matter jurisdiction, a federal court lacks authority to hear a case. *Thornton v. S.W. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990). "Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Mr. Lewis makes a facial attack, which "questions merely the sufficiency of the pleading[,]" and the trial court therefore takes the allegations of the complaint as true. *Gentek Bldg. Prod., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). To survive a facial attack, the complaint must contain a short and plain statement of the grounds for jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016).

The plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir.1996). This burden of proof is not onerous. *Id.*

### 1.    **Federal Question Jurisdiction**

The plaintiff "must show only that the complaint alleges a claim under federal law, and that the claim is 'substantial.' A federal claim is substantial unless 'prior' decisions inescapably render [it] frivolous." *Id.* (quoting in part *Transcontinental Leasing, Inc. v. Michigan Nat. Bank of Detroit*, 738 F.2d 163, 165 (6th Cir.1984)). "In short, when faced with a 12(b)(1) challenge to the face of a complaint, the plaintiff can survive the motion by showing any arguable basis in law for the claim made." *Id.*

5

Here, Mr. Ricketts's Amended Complaint purports to bring claims under three federal statutes. As to the John Doe Defendants, there are no factual allegations against them, so Mr. Ricketts has not alleged a claim against them.

As to the named defendants, his first two federal claims (under 17 U.S.C. §512(f) and 18 U.S.C. §1621) are brought only against Mr. Braggs; because Mr. Braggs is being dismissed due to insufficient service of process, federal jurisdiction cannot be premised on those two claims. Thus, the only remaining arguable basis for federal jurisdiction is Mr. Ricketts's claim against Mr. Lewis brought under 42 U.S.C. § 1985. However, the elements required to plead a § 1985 claim have not been satisfied.

While Mr. Ricketts does not specify under which subsection he brought his § 1985 claim, the language of the allegations most closely resembles § 1985(3). There are five elements to a cause of action under § 1985: that the defendant (1) conspired with another person, (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws, (3) and committed an act in furtherance of the conspiracy, (4) which caused injury to person or property, or a deprivation of any right or privilege of a citizen of the United States, and (5) that the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus. *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971)). Mr. Ricketts's Complaint fails to state a claim because, among other deficiencies, he has not alleged that "the

6

conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus." *Id*.

Mr. Ricketts's failure to state a substantial federal claim means that this Court is without federal question jurisdiction here.

## 2.     Diversity Jurisdiction

The diversity statute requires that "the matter in controversy exceed[ ] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). To defeat diversity jurisdiction, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Basicomputer Corp. v. Scott*, 973 F.2d 507, 510 (6th Cir. 1992) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Generally, the amount claimed by the plaintiff in the complaint controls, as long as it is claimed in good faith. *St. Paul Mercury Indem.*, 303 U.S. at 288. Dismissal is proper, however, if the amount alleged in the complaint is not recoverable in the first instance:

> But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

*Id*. at 289.

Once the propriety of the amount in controversy is challenged, the party seeking to invoke the subject matter jurisdiction of the federal courts has the burden of proving its existence. *See id*. at 287 n. 10; *see also Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134

7

F.3d 1250, 1253 (5th Cir. 1998); 15A Moore's Federal Practice § 102.107[1] (3d ed. 2023). In such a situation, a district court is not obliged to accept the plaintiff's allegations in the complaint regarding subject matter jurisdiction. When challenged, the plaintiff bears the burden of showing that there is no legal certainty that he or she cannot recover the applicable jurisdictional amount; the plaintiff must show this with competent proof. *See* § 3702 Jurisdictional Amount—General Principles and the Legal Certainty Test, 14AA Fed. Prac. & Proc. Juris. (Wright & Miller) § 3702 (4th ed.); 15A Moore's Federal Practice § 102.107[1] (3d ed. 2023) ("plaintiff must demonstrate that there is a *possibility* of recovering more than the jurisdictional minimum and must do so by a preponderance of the evidence supported by competent proof").

Therefore, Mr. Ricketts must establish that there is no legal certainty that he cannot recover more than $75,000. He "may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991); *see Weller v. Cromwell Oil Co.*, 504 F.2d 927, 930 (6th Cir. 1974). However, in response to Mr. Lewis's Motion to Dismiss, Mr. Ricketts has provided no explanation or facts to support a claim that the amount in controversy exceeds $75,000.00. Instead, he states only that he has requested $150,000 and a jury should decide the amount of his damages. (ECF No. 23, PageID 238.) Once Mr. Lewis challenged the amount in controversy, Mr. Ricketts was required to demonstrate that there is a possibility that he will recover more than $75,000 in damages (exclusive of costs). *See Fanning*

*v. Fox Meadow Farm, Inc.*, 164 F. Supp. 2d 921, 924 (E.D. Mich. 2001) ("A plaintiff should not be permitted to maintain litigation before a federal court when the plaintiff initially asserts that the amount in controversy exceeds $75,000, but then refuses to disclose the evidence in support of that assertion . . . .").

Mr. Ricketts's failure to provide competent proof as to his potential damages means that this Court is without diversity jurisdiction over his claims.

## III.  CONCLUSION

For the reasons set forth above, Mr. Ricketts's request that the Court take judicial notice (ECF No. 23-3) is **DENIED**. Mr. Lewis's Motion to Strike (ECF No. 26) is **DENIED**.

Mr. Braggs's Amended Motion to Dismiss (ECF No. 16) and Mr. Lewis's Motion to Dismiss (ECF No. 22) are **GRANTED**. The Clerk is **DIRECTED** to **TERMINATE** this action from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

9